4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
William BOSTON; Boston Bates & Holt, Defendants-Appellees.
 No. 92-6527.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan litigant appeals from the order of the district court dated October 6, 1992, in which the court ordered that no further submissions by Mrs. Polyak would be considered. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1976, Mrs. Polyak inherited property in Tennessee, along with her sister and brother, jointly as tenants in common. Mrs. Polyak's siblings sought and obtained a partition sale of the property. Mrs. Polyak objected to the manner in which the property was divided and challenged the partition in state court. Her state court challenges and the subsequent appeals were unsuccessful. Since that time (approximately 1985), Mrs. Polyak has relentlessly prevailed upon the federal courts to overturn the state court order of partition. In the immediate case, the defendants are William Boston, who was the attorney retained by Mrs. Polyak's siblings to obtain the partition sale, and his law firm, Boston, Bates & Holt.
 
 
 3
 A review of the history of Mrs. Polyak's litigation against William Boston and his law firm reveals that Mrs. Polyak originally sought damages and injunctive relief from the defendants. Mrs. Polyak alleged that Boston committed malpractice by representing her siblings in the partition suit. Specifically, Mrs. Polyak alleged that Boston divided his loyalties when he chose to represent her siblings against her, because he had previously, at a much earlier date, represented both her and her siblings in probating the property in question.
 
 
 4
 After the filing of Mrs. Polyak's complaint on July 1, 1986, the district court scheduled final pre-trial conferences on seven occasions in an attempt to clarify the issues prior to trial. The first six attempts to hold a pre-trial conference were continued because Mrs. Polyak claimed her ill-health would not permit her to attend. Apparently, two conferences were continued for reasons other than Mrs. Polyak's alleged infirmity. After Mrs. Polyak failed to attend the ninth scheduled conference, the district court dismissed her action pursuant to Fed.R.Civ.P. 41(b). During the same time, Mrs. Polyak filed a motion to recuse, which was denied. Mrs. Polyak appealed challenging both the dismissal of her suit and the denial of the motion to recuse. This court affirmed the judgment of the district court on December 13, 1990, Case No. 89-6414, Polyak v. Boston.
 
 
 5
 The district court did not abuse its discretion by ordering that no further submissions with respect to this litigation would be considered. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987). Furthermore, the dismissal of Mrs. Polyak's complaint was affirmed by this court and mandate issued long ago. Finally, even if the case had gone to trial as scheduled, Mrs. Polyak was attempting to assert a 42 U.S.C. Sec. 1983 complaint against a private attorney for legal malpractice. Neither William Boston nor his law firm is a state actor as required by Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978), so her complaint is meritless.
 
 
 6
 Accordingly, the district court's order dated October 6, 1992, is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Mrs. Polyak's suggestion that the case be considered en banc is denied, and no further submissions, motions, or petitions for reconsideration or rehearing shall be accepted by this court. The Clerk is hereby ordered to issue the mandate immediately. Double costs will be assessed for this vexatious and frivolous appeal.